# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-551-FDW-DCK

| | |
|---|---|
| GREGORY ARTHUR REID JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNION COUNTY BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Appointment Of Program Attorney" (Document No. 14) filed March 15, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion and refer this matter to the Pro Se Settlement Assistance Program ("Program").

**IT IS, THEREFORE, ORDERED** that the "Motion For Appointment Of Program Attorney" (Document No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. All parties to this lawsuit will participate in a settlement conference pursuant to the Program and as directed by this Order before undertaking any other action with respect to this lawsuit.

2. Solely in connection with the program, David G. Guidry is appointed as Program Counsel for the Pro Se Litigant for the limited purpose of assisting the Pro Se Litigant with the settlement conference and procedures associated with the

Program. Program Counsel has no obligation to conduct discovery, to prepare or respond to any motions, to participate in the trial, or take any other action on behalf of the Pro Se Litigant in this lawsuit.

3. Within **fourteen (14) days** of the date of this Order, the parties shall designate a mediator who is certified in this district to preside over a mediated settlement conference and will file an appropriate Notice of Designation of Mediator.

4. Within **sixty (60) days** of the date of this Order, the parties shall hold a mediated settlement conference. The conference will be governed by the North Carolina Rules Implementing Statewide Mediated Settlement Conferences as adopted and amended by Local Civil Rule 16.3. Within **five (5) days** after the conclusion of the conference, the Mediator shall file with the Court a report describing the result of the mediated settlement conference.

5. If the Mediator's Report states that the parties have reached an agreement as to all issues, the Program Counsel's limited representation of the Pro Se Litigant shall terminate upon the closing of the court file through an appropriate dismissal, provided that the Program Counsel's representation shall not extend beyond thirty (30) days after filing of the Mediator's Report absent further order of the court. If the Mediator's Report states that the parties have not reached an agreement as to all issues or if the settlement conference terminated at an impasse, the Program Counsel's limited representation of the Pro Se Litigant will terminate upon the filing of the Mediator's Report.

6. If, after completion of the settlement conference, this matter is not dismissed in its entirety, the parties shall conduct the Initial Attorney's Conference (Local Rule

16.1) and file the required Certification Form thereof. The Court will then enter an appropriate case management and scheduling order.

**SO ORDERED.**

Signed: March 15, 2017

David C. Keesler
United States Magistrate Judge